[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10198

Non-Argument Calendar

_____

VICKIE LEMONS,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01267-RDP

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Vickie Lemons appeals the district court's order affirming the Commissioner of the Social Security Administration's denial of her application for disability benefits. After a thorough review of the briefing and the relevant records, we affirm.

## I.

Lemons alleges she became disabled on May 1, 2016. She applied for a period of disability and disability insurance benefits one year later, in May 2017. Lemons stated that her medical conditions were anxiety, depression, degenerative bone disease, and fibromyalgia. After a hearing, the administrative law judge (ALJ) issued an unfavorable decision dated August 12, 2019.

The ALJ considered several sources of evidence, including claim documents, work history, and functional reports from Lemons and a friend, Jean Langley. These submissions stated that Lemons worked part-time at a fast-food restaurant, cared for her three grandchildren, and drove, cooked, and cleaned. In doing these tasks, however, she had pain in her back and had trouble moving, concentrating, and getting along with others. She needed pain medication and frequent breaks.

The ALJ also received medical evidence Lemons submitted from several visits with her treating physician, Dr. Tummala. Dr. Tummala's records reflect that Lemons had normal ambulation,

gait, and strength at all examinations, but that during three visits she had a limited range of motion in her right shoulder. In March 2019, Dr. Tummala filled out a physical capacities form, concluding that Lemons could sit upright for only two hours at a time, stand for one, would need to be off-task half of every workday, and would miss twelve workdays every thirty.

The ALJ also received medical records and opinions from several other doctors about Lemons's condition. Evidence varied. For example, a January 2019 physical capacities form by physician assistant Elizabeth Giles showed far more sitting, standing, and working capacity than Dr. Tummala's report. As for Lemons's shoulder, records showed normal strength in September 2017 but weak strength in October 2018. After a 2018 surgery, she attended physical therapy, and the therapist noted good progress for the shoulder. The ALJ also received various medical test reports, including several MRIs showing mild broad-based bulging in Lemons's back but no herniation.

Finally, the ALJ also heard testimony from, and posed questions to, a vocational expert. In one question, the ALJ asked about the capability of a hypothetical individual who, among other limitations, was limited to light exertion, alternating sitting and standing every twenty to thirty minutes, and had no ability to leave the workstation. The vocational expert's response was that this individual could not perform Lemons's prior work, but could perform other work in the national economy, including as a booth cashier, office helper, or bench assembler.

Following the five-step process outlined by Social Security regulations, the ALJ concluded that Lemons was not disabled from May 1, 2016 through August 2019. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). For step one, the ALJ decided that Lemons had not engaged in substantial gainful activity since May 1, 2016—her alleged disability onset date—which made her eligible for disability payments from that date. At steps two and three, the ALJ concluded that Lemons was not automatically disabled by her impairments: although she had degenerative disc disease and osteoporosis, these did not meet or equal the severity of the impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. At steps four and five, the ALJ determined that Lemons had a light work residual capacity with limits; she could not perform her past work, but could perform jobs available in the national economy.

Lemons disagreed. After the Appeals Council denied additional review, she sued in district court. The district court affirmed the Commissioner's decision.

## II.

We review the ALJ's application of legal principles de novo, but we are limited to assessing whether the resulting decision "is supported by substantial evidence." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266–67 (11th Cir. 2015); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, but less than a preponderance." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

### III.

Lemons challenges four aspects of the ALJ's decision.

*First*, she argues that the ALJ gave improper weight to the opinions of her treating physician, Dr. Tummala. Her argument relies in part on precedents from this Court applying the now defunct treating-physician rule. *See, e.g.*, *Phillips v. Barnhart*, 357 F.3d 1232 (11th Cir. 2003). Our recent precedent makes clear, however, that the Commissioner eliminated the treating physician rule for claims filed after March 27, 2017. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 897 (11th Cir. 2022). Instead of requiring special deference to a treating physician, the new regulation provides several factors for determining the weight to give a claimant's medical opinions, including their supportability, consistency with other evidence, and other relevant information. *See id.*; 20 C.F.R. § 404.1520c(a).

Here, the ALJ applied the correct legal standard. Lemons filed her claim in May 2017, and so the new regulations apply. Consistent with these new regulations, the ALJ examined the supportability of Dr. Tummala's opinions and those of the other doctors by scrutinizing their conclusions given the objective medical evidence. Moreover, the ALJ analyzed the consistency of the doctors' opinions with each other, as well as with the medical records. The ALJ also reasoned that Dr. Tummala's opinions about Lemons's limitations extended earlier than could be supported by his records. This detailed analysis amply complies with 20 C.F.R. § 404.1520c(a).

Lemons insists that Dr. Tummala's opinions are supported by evidence in the record. But because her brief fails to describe this evidence with specificity or connect the decisions she cites to a conclusion about substantiality, she forfeits this claim. *See Harner*, 38 F.4th at 899. Even if she had not, the ALJ supported his discounting of Dr. Tummala's opinions, pointing to specific reasons. And under the substantial evidence standard, an ALJ need not refer to every piece of contrary evidence in its decision. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

*Second*, Lemons argues that the ALJ erred by stating that her daily activities diminish the persuasiveness of her disability allegations. To begin, we note that the ALJ appropriately patterned his analysis of Lemons's subjective testimony on the three-part pain standard of this Circuit, which Lemons does not appear to dispute. *See Holt v. Sullivan*, 921 F.2d 1221, 1222–23 (11th Cir. 1991). Instead, the question is whether substantial evidence supports the ALJ's evaluation, mindful that an ALJ must "articulate explicit and adequate reasons." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

Here, the ALJ's analysis holds up. An ALJ may discredit a claimant's subjective complaints based, at least in part, on daily activities. *See Dyer*, 395 F.3d at 1210–12. That is what happened here. The ALJ did not rely "heavily" on Lemons's activities, as she claims, but discredited her complaints based on the conservative nature of her treatment and the objective medical evidence

showing improvement of her condition.    *See* 20 C.F.R. § 404.1529(c)(3)–(4).  We cannot conclude that the ALJ erred.

*Third*, Lemons advanced a two-part claim related to the ALJ's determination that she could perform limited light work: (1) the ALJ erred by violating Social Security Ruling 96-8p and (2) this finding was not supported by substantial evidence.

As distinct from her second argument, Lemons's first is essentially procedural.  Under SSR 96-8p, an ALJ must first identify an individual's functional limitations, next assess work-related abilities, and only then express them in terms of exertional levels. *See* 61 Fed. Reg. 34474-0 (July 2, 1996).  Along the way, an ALJ must include a narrative discussion connecting relevant evidence to its conclusions for each step.  *Id.* at 34478.

The ALJ's decision here is not a model of step-by-step analysis.  Still, it complies with SSR 96-8p.  The analysis of residual functional capacity first acknowledged that it was pointed at Lemons's "ability to do work-related activities."  Throughout the analysis, the ALJ broke down Lemons's functional limitations anatomically, separately considering her right shoulder, back, hips, and mental concentration.  He noted Lemons's statements about her difficulty lifting, bending, standing, walking, sitting, concentrating, and handling stress—all work-related limitations.  In the penultimate paragraph of the section on residual functional capacity, the ALJ included an assessment of Lemons's "ambulation, gait, strength, movement of all extremities, and cardiovascular and respiratory systems."    And in the summary heading, the ALJ

attached the label of "light work" and included additional limitations tailored to Lemons's abilities.  Altogether, the ALJ met the procedural requirements of SSR 96-8p.

Lemons's substantive argument—that the residual functional capacity finding was not supported by substantial evidence—fails for reasons we have already discussed.  Lemons failed to develop this claim in her counseled brief and presents nothing to counter the ALJ's extensive evidentiary analysis.

*Fourth* and finally, Lemons argues that the ALJ erred by considering the vocational expert testimony as substantial evidence and neglecting to question the vocational expert about her pain.  In general, an ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).  That means the ALJ was not required to include a pain impairment nor any alternate residual functional capacities in his hypothetical questions to the vocational expert—he had resolved these issues earlier in a well-supported analysis.  As we have held above, all the ALJ's analytical steps were supported by substantial evidence, and it follows that his overall disability determination was as well.

⋆    ⋆    ⋆

Because the ALJ's decision applied the correct legal standards and was supported by substantial evidence, the order of the district court is **AFFIRMED.**