[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10460

Non-Argument Calendar

_____

ROSE MARIE NESBITT CAIN,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-00924-CLM

_____

Before JORDAN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Rose Marie Cain appeals the district court's order affirming the Social Security Commissioner's denial of her application for supplemental security income ("SSI"). No reversible error has been shown; we affirm.

When -- as in this case -- an Administrative Law Judge ("ALJ") denies an application for benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *See Winchel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. We review *de novo* the ALJ's application of the law. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). We review *de novo* the district court's determination about whether substantial evidence supports the ALJ's decision. *See Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

A person who applies for SSI benefits must first prove that she is disabled. *See* 20 C.F.R. § 416.912(a). The Social Security

Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy the claimant can perform. *Id.*

Cain filed an application for SSI in July 2017, alleging disability based on heart problems and arthritis. The ALJ denied Cain's application in July 2019. Applying the five-step evaluation process, the ALJ determined that Cain had these severe impairments: hypertensive vascular disease, osteoarthritis, and allied disorders. The ALJ determined that Cain had the RFC to perform light work with specific postural and environmental limitations. Considering Cain's age, education, work experience, and RFC (together with the vocational expert's testimony), the ALJ determined that Cain could perform work in the national economy. Accordingly, the ALJ concluded that Cain was "not disabled."

Cain administratively appealed the ALJ's decision to the Appeals Council. The Appeals Council denied Cain's request for review. The district court affirmed.

On appeal, Cain first argues that the ALJ failed to accord proper weight to the medical opinion of her treating physician, Dr.

McCain, and that the ALJ failed to explain adequately his reasons for discounting Dr. McCain's opinion. Cain argues that -- under the "treating-physician rule" -- the ALJ was required to give substantial weight to the opinion of her treating physician absent a showing of good cause. We disagree.

In 2017, the Commissioner promulgated new regulations governing the consideration of medical opinions for purposes of reviewing applications for SSI and for Disability Insurance Benefits. *See* 20 C.F.R. §§ 404.1520c; 416.920c. Under the new regulations, an ALJ is to give no deference or "specific evidentiary weight, including controlling weight," to a treating physician's opinion. *See* 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, the ALJ must weigh medical opinions based on their persuasiveness. *See id.* The new regulations apply to claims filed on or after 27 March 2017. *Id.* §§ 404.1520c; 416.920c. Because Cain filed her SSI application in July 2017, her claim is governed by the new regulation.

Cain contends that this Court's precedent applying the treating-physician rule remains good law and is controlling here despite the Commissioner's later-promulgated regulations. Cain's argument is foreclosed by our decision in *Harner*. *See Harner*, 38 F.4th at 896 (concluding -- in the context of an application for disability insurance benefits -- that the Commissioner's promulgation of the new regulation in 20 C.F.R. § 404.1520c abrogated this Court's earlier precedent establishing and applying the treating-physician rule; the new regulation thus applied to claims filed on or after 27 March 2017). Here, the ALJ applied the proper legal standard by

evaluating the persuasiveness of Dr. McCain's opinion instead of treating Dr. McCain's opinion as controlling under the treating-physician rule.

On appeal, Cain focuses only on the ALJ's failure to apply the treating-physician rule in weighing Dr. McCain's opinion. Cain raises no substantive challenge to the ALJ's assessment about the persuasiveness of Dr. McCain's opinion under the new regulation. Accordingly, we need not address that issue. Nevertheless, substantial evidence supports the ALJ's finding that Dr. McCain's opinion about Cain's functional limitations lacked support in the record and was inconsistent with both Dr. McCain's own treatment records and with Cain's testimony.

Cain next asserts -- in conclusory statements and without supporting argument -- that the ALJ erred in finding that Cain retained the RFC to perform light work and that the ALJ failed to discuss adequately the supporting evidence as required by SSR 96-8p. This portion of Cain's counseled brief consists of page-long block quotes from cases decided by this Court and by other courts with no discussion about how the cited cases are analogous to Cain's circumstances or otherwise support her claim. Nor does Cain explain how the ALJ erred in considering the pertinent evidence. We have said that an appellant forfeits an issue when she "raises it in a perfunctory manner without supporting arguments and authority." *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Under the circumstances presented here, Cain has forfeited her challenges to the ALJ's RFC determination.

*See Harner*, 38 F.4th at 898-99 (concluding that the claimant "forfeited any challenge" to aspects of the ALJ's decision mentioned in her brief when the claimant's counseled brief "consist[ed] only of block quotations from and cursory mentions of various decisions of this and other courts" without reference to the facts of claimant's case and without "any meaningful explanation" about how the cited decisions applied to her claim).

AFFIRMED.