[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10677

Non-Argument Calendar

_____

LANTHA JEAN OWENS,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01635-ACA

_____

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Lantha Owens appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). No reversible error has been shown; we affirm.

## I.

When -- as in this case -- an Administrative Law Judge ("ALJ") denies an application for benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* We review *de novo* the ALJ's application of the law. *See Harner v. Comm'r, Soc. Sec. Admin.*, 38 F.4th 892, 896 (11th Cir. 2022).

A person who applies for Social Security DIB or for SSI benefits must first prove that she is disabled. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a). The Social Security Regulations outline a

five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy the claimant can perform. *Id.*

## II.

Owens first applied for DIB and SSI benefits in July 2014. Owens alleged that she was unable to work due to her disabling mental and physical conditions. Following an October 2019 hearing,[1] the ALJ denied Owens's application.

Applying the five-step evaluation process, the ALJ found that Owens suffered from these severe impairments: mood disorder, degenerative disc disease, status post anterior cervical discectomy and fusion at C6-C7, bipolar disorder, depression, anxiety, cannabis abuse, and nicotine dependence. The ALJ, however, determined that Owens had no impairment or combination of

---

[1] The ALJ first denied Owens's application in June 2015. In an earlier appeal from that denial, we granted the Commissioner's unopposed motion to remand for further proceedings. The October 2019 hearing was conducted on remand.

impairments that met or medically equaled an impairment in the Listing of Impairments. Pertinent to this appeal, the ALJ concluded that Owens's mental impairment did not meet the criteria for Listing 12.04 ("Depressive, bipolar and related disorders") or for Listing 12.06 ("Anxiety and obsessive-compulsive disorders").

The ALJ next determined that Owens had the RFC to perform light work with several specified physical and mental limitations. Considering Owens's age, education, work experience, and RFC -- together with testimony of the vocational expert -- the ALJ determined that Owens could perform work in the national economy. Accordingly, the ALJ concluded that Owens was not disabled.

Owens administratively appealed the ALJ's decision to the Appeals Council. The Appeals Council denied Owens's request for review. The district court affirmed.

## III.

On appeal, Owens first contends that the ALJ failed to accord proper weight to the medical opinion of Dr. Wilson: a psychologist who examined Owens one time. Owens, however, offers no substantive argument challenging the weight given to Dr. Wilson's opinion. And -- instead of disputing the ALJ's stated reasons for assigning little weight to Dr. Wilson's opinion -- Owens contends only that the ALJ's stated reasons are "vague" and inadequate.

This portion of Owens's counseled brief consists of page-long block quotes from the ALJ's decision in this case and from two cases decided by this Court (one of which is unpublished). Owens seems to cite our earlier decisions for the broad proposition that the ALJ must "state with at least some measure of clarity the grounds for his decision." *See Winschel*, 631 F.3d at 1179 (noting that -- absent a clearly articulated statement of the ALJ's reasons for disregarding a medical opinion -- "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence"). Owens offers no discussion about how the cited cases are similar to Owens's circumstances or otherwise support her argument. We have said that an appellant forfeits an issue when she "makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Under the circumstances presented here, Owens has forfeited her challenges to the ALJ's assessment of Dr. Wilson's opinion. *See Harner*, 38 F.4th at 898-99 (concluding that the claimant "forfeited any challenge" to aspects of the ALJ's decision mentioned in her brief when the claimant's counseled brief "consist[ed] only of block quotations from and cursory mentions of various decisions of this and other courts" without reference to the facts of claimant's case and without "any meaningful explanation" about how the cited decisions applied to her claim).

In any event, we reject Owens's argument about the adequacy of the ALJ's statement of reasons. The ALJ explained in detail the reasons for giving little weight to Dr. Wilson's opinion. The ALJ provided specific examples of how Dr. Wilson's opinion about the severity of Owens's limitations was inconsistent with Dr. Wilson's own treatment records, with the objective medical evidence in the record, and with Owens's testimony. The ALJ's explanation is plainly adequate to allow for meaningful appellate review.[2]

Owens next asserts that she meets Listings 12.04 and 12.06. This portion of Owens's counseled brief consists of a recitation of the language in Listings 12.04 and 12.06 followed by ten pages of excerpts from Owens's medical records and hearing testimony. Owens offers no supporting argument or discussion about how her medical records demonstrate that she satisfied the criteria in Listing 12.04 and 12.06. Nor does Owens challenge directly the ALJ's detailed reasons for determining that Owens's medical conditions did not meet those Listings. Owens has thus abandoned her

---

[2] Owens also contends that the district court erred by offering *post hoc* rationalizations for the ALJ's decision to give little weight to Dr. Wilson's opinion. We need not address that argument on appeal because we review only the Commissioner's decision. *See Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266 (11th Cir. 2015) (In social security cases, "[o]ur review is 'the same as that of the district court,' meaning we neither defer to nor consider any errors in the district court's opinion." (citations omitted)).

22-10677                 Opinion of the Court                 7

arguments about Listings 12.04 and 12.06. *See Harner*, 38 F.4th at 898-99; *Sapuppo*, 739 F.3d at 681.

AFFIRMED.