[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13952

Non-Argument Calendar

_____

GLORIA STURDIVANT,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 2:21-cv-00017-N

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Gloria Sturdivant appeals the district court's order affirming the decision of the Social Security Administration (SSA) to deny her application for supplemental security income (SSI). After careful review of the record and the parties' brief, we affirm.

## I.

Sturdivant applied for SSI, alleging an onset date of December 31, 2018 for the following disabilities: high blood pressure, diabetes, carpal tunnel in the left hand, lower back problems, acid reflux, and high cholesterol. Disability examiners denied Sturdivant's application initially and on reconsideration. Sturdivant then requested and received a hearing before an Administrative Law Judge (ALJ), who found Sturdivant not disabled.

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity, she is not disabled. *Id.* § 416.920(b). Second, if a claimant does not have an impairment or combination of impairments that significantly limits her physical or mental ability to perform basic work activities, she does not have a severe impairment and is not disabled. *Id.* § 416.920(c); *see also McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (explaining that Step

---

[1] If the ALJ determines that the claimant is or is not disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

Two acts as a filter, allowing "only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments meet or equal an impairment listed in a provided appendix (the "Listings"), she is disabled. 20 C.F.R. § 416.920(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not meet or equal an impairment in the Listings, the ALJ must assess the claimant's Residual Functional Capacity (RFC). 20 C.F.R. § 416.920(e).[2] Fifth, using the claimant's RFC, the ALJ will determine whether the claimant can still perform past relevant work. If the claimant can do this type of work, she is not disabled. *Id.* § 416.920(f). Finally, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, she is not disabled. *Id.* § 416.920(g).

Considering Step One, the ALJ here determined Sturdivant had not engaged in substantial gainful activity since her alleged onset date. The ALJ found Sturdivant possesses the following severe impairments: degenerative disc disease of the lumbar spine, chronic pain syndrome, diabetes mellitus, and obesity.[3] But the ALJ found Sturdivant's impairments or combination of impairments fail to meet or medically equal the severity of an impairment

---

[2] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. *Id.* § 416.945(a).

[3] The ALJ also found that Sturdivant had the following non-severe impairments: essential hypertension, hyperlipidemia, carpal tunnel syndrome, ulcer disease, reflux, allergic rhinitis, dysthymia, and anxiety.

in the Listings.  The ALJ then found Sturdivant has an RFC to perform medium work[4] with the following caveats: Sturdivant can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but she can never climb ladders, ropes, or scaffolds and must avoid all exposure to hazards.

Based on these findings, the ALJ determined Sturdivant can perform her past relevant work as companion.  The ALJ also determined Sturdivant can perform other jobs existing in significant numbers in the national economy, specifically jobs for hand packers; sorters/samplers/weighers; and hand packers/packagers.  As a result, the ALJ found Sturdivant not disabled.

Sturdivant then requested the Appeals Council review the ALJ's decision.  The Appeals Council denied Sturdivant's request for review, making the ALJ's decision the final decision of the Commissioner.  Sturdivant appealed to the district court, which affirmed the ALJ's denial of Sturdivant's SSI.  Sturdivant timely appealed.

## II.

When "an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision." *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313–

---

[4] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  If someone can do medium work, [the SSA can] determine that he or she can also do sedentary and light work."  20 C.F.R. § 416.967(c).

14 (11th Cir. 2021) (alteration adopted) (internal quotation marks omitted). We review a social security disability case to determine whether the Commissioner's decision is supported by substantial evidence and review de novo whether the ALJ applied the correct legal standards. *Id.* "Our review is 'the same as that of the district court,' meaning we neither defer to nor consider errors in the district court's opinion." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)).

Substantial evidence is relevant evidence, less than a preponderance but greater than a scintilla, that "a reasonable person would accept as adequate to support a conclusion." *Viverette*, 13 F.4th at 1314. In reviewing for substantial evidence, we "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the ALJ." *Id.* (alteration adopted). But a decision is not based on substantial evidence if it focuses on one aspect of the evidence while disregarding contrary evidence. *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). The ALJ need not refer to every piece of evidence in his decision, so long as a reviewing court can conclude that the ALJ considered the claimant's medical condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). We will not affirm merely because some rationale might support the ALJ's conclusion if he "fails to state with at least some measure of clarity the grounds for his decision." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (internal quotation marks omitted).

### III.

Sturdivant pushes back against two ALJ conclusions. First, the ALJ found unpersuasive the opinion of Sturdivant's treating doctor that Sturdivant had severe physical limitations, which limited her ability to work. Sturdivant argues that this finding violated SSA regulations and was unsupported by substantial evidence. Second, the ALJ found that Sturdivant's RFC enabled her to perform medium work with certain limitations. Sturdivant contends that this finding was similarly unsupported by substantial evidence. We will address each argument in turn.

### A.

Sturdivant contends the ALJ erred in two ways when assessing her treating doctor's, Dr. Glenton Davis's, opinion.[5] First, the ALJ erred by not articulating good cause for his evaluation of Dr. Davis's opinion. Second, the ALJ erred in finding that Dr. Davis's opinion was unpersuasive, notably by misrepresenting the record to find the opinion inconsistent and unsupported by the medical evidence.

First, Sturdivant misunderstands how the ALJ must now evaluate medical opinions. Because Sturdivant filed her SSI

---

[5] To determine whether a claimant is disabled, the ALJ considers medical opinions from acceptable medical sources, including physicians. 20 C.F.R. §§ 416.902(a)(1), 416.913(a)(2). "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions." *Id.* § 416.913(a)(2).

application on June 18, 2019, the ALJ had to assess Dr. Davis's opinion under new regulations, different from what Sturdivant apparently contemplates. For claims filed on or after March 27, 2017, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 416.920c(a). This regulation abrogated our earlier precedents applying the treating-physician rule, which required good cause to discount a treating physician's opinion. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022); 20 C.F.R. § 416.927. Thus, the ALJ was not required to provide good cause for discounting Dr. Davis's opinion.

Rather, under the new regulations, the ALJ must determine the persuasiveness of medical opinions and prior administrative medical findings by considering supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. § 416.920c(c)(1)–(5). Supportability and consistency are the most important factors. *Id.* § 416.920c(b)(2). The ALJ is required to articulate how it considered the supportability and consistency factors, but not the remaining factors. *Id.* As to supportability, the more relevant the objective medical evidence and explanations are to the medical opinions, the more persuasive the opinion is. *Id.* § 416.920c(c)(1). As to consistency, the more consistent a medical opinion is with evidence from other sources, the more persuasive the opinion is. *Id.* § 416.920c(c)(2).

Here, the ALJ followed the new regulations and explained that he found that Dr. Davis's opinion was both unsupported and

inconsistent with the record. Sturdivant argues that the ALJ's determination is not supported by substantial evidence. We disagree. Dr. Davis's opinion was a pre-printed form on which Dr. Davis checked certain boxes and circled answers. Despite indicating that Sturdivant had significant physical limitations, Dr. Davis did not provide any medical basis for that opinion, nor did he reference any clinical observations or testing.

Dr. Davis's own treatment notes do not reflect those serious physical limitations. Rather, those treatment notes often found Sturdivant's extremities to be stable. While Dr. Davis discussed Sturdivant's diabetes within his treatment notes, Dr. Davis did not indicate that Sturdivant's diabetes caused significant physical limitations. Dr. Davis's opinion finds no support in other treatment notes, including Sturdivant's endocrinologist. Notes from her endocrinologist support Sturdivant's diabetes as a severe impairment but those notes do not show the significant physical limitations noted in Dr. Davis's opinion. Sturdivant's physical exams with her endocrinologist reveal nothing out of the ordinary as to physical limitations. Sturdivant spills a lot of ink about her diabetes, and to be sure, the findings show that she had high glucose levels and glycated hemoglobin levels. But again, none of those findings translate to observations or testing to support a determination of significant physical limitations.[6]

---

[6] Sturdivant argues that the ALJ improperly relied on only a subset of treatment notes to conclude that her diabetes had improved. True, those treatment notes do also show that Sturdivant's glucose level increased, but they

Dr. Davis's status as a treating physician has no impact on his opinion's persuasiveness under the new regulations. And substantial evidence supported the ALJ's finding that Dr. Davis's opinion was unpersuasive, as his opinion was not accompanied by an explanation. And, aside from elevated glucose levels, neither Dr. Davis's records nor other medical records showed Sturdivant had abnormal symptoms affecting her ability to work.

**B.**

Sturdivant argues that the ALJ's RFC determination is not connected to the record and thus not supported by substantial evidence.

A claimant's RFC is the most she can still do despite her limitations and is based on all the relevant evidence in the case record, including her medical history, medical reports, medical source statements, and descriptions of limitations from the claimant and others. 20 C.F.R. § 416.945. The ALJ must consider all record evidence about all the claimant's impairments, including those that are not severe. *Id.* § 416.945(a)(1)–(2). The ALJ must consider statements about what a claimant can do from medical sources and the claimant. *Id.* § 416.945(a)(3).

---

also show that her glycated hemoglobin had decreased. And either way, Sturdivant fails to show how those findings about her diabetes impact her physical limitations. *McCruter*, 791 F.2d at 1547 ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality.").

Sturdivant's argument on the RFC focuses again on Dr. Davis's opinion. But as discussed above, the ALJ properly found that Dr. Davis's opinion was unpersuasive because it was unsupported by and inconsistent with the record. After making that determination, the ALJ considered Sturdivant's medical evidence and testimony to determine her RFC. At the hearing, Sturdivant testified about her pain from her impairments and how that limited her ability to work, but the ALJ found that Sturdivant's statements were not consistent with the medical evidence. For instance, despite testifying about her back pain, the medical records showed that Sturdivant treated that particular issue with medication and there were no significant symptoms. For example, a June 2020 treatment note showed normal alignment of the spin, no evidence of fracture, and only mild degenerative changes. The ALJ compared that testimony with Sturdivant's Function Report where she detailed her abilities to cook, take care of others, do chores, and go out to stores and church.

Sturdivant argues that the ALJ was required to link evidence to the RFC findings, but our case law only requires that the ALJ state with clarity his reasons for his decision. *See Winschel*, 631 F.3d at 1179. Here, the ALJ's decision carefully addressed the medical evidence and explained how he came to the RFC, including finding a state medical consultant's opinion with the same RFC to be supported by the medical evidence.

Substantial evidence supported the ALJ's RFC finding that Sturdivant could do medium work because medical records

22-13952               Opinion of the Court               11

showed few symptoms, all of which were treated by medication; an ability to do many daily activities, and an opinion from a state medical consultant recommended that RFC finding.  Accordingly, we affirm.

**AFFIRMED.**