[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13389

Non-Argument Calendar

_____

SHONA EASLEY,

                                                    Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:19-cv-01981-SGC

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Shona Easley appeals the district court's order affirming the Social Security Commissioner's denial of her application for a period of disability, disability of insurance benefits, and supplemental security income.  Ms. Easley argues (1) that the administrative law judge failed to properly weigh the opinion of the treating physician Dr. Muhammad Tariq, (2) that the ALJ failed to properly weigh the opinion of the examining psychologist Dr. June Nichols, (3) that Ms. Easley's intellectual disability was included in Listing 12.05, (4) that remand is warranted, and (5) that substantial evidence does not support the ALJ's decision.  We address each in turn.[1]

I

We review the Commissioner's conclusions of law and the district court's judgment *de novo*.  *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).  The Commissioner's factual findings are conclusive if they are supported by substantial evidence.  *See id.*  Substantial evidence is relevant evidence, greater than a scintilla, that a reasonable person would accept as adequate to support the agency's conclusion.  *See id.*  Even where the evidence preponderates against the Commissioner's factual findings, we must affirm if the decision is supported by substantial evidence.

---

[1] Because we write for the parties and assume their familiarity with the record, we set out only what is necessary to explain our decision.

*See Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015). Under this standard of review, we will not decide the facts anew, make credibility determinations, or re-weigh the evidence. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Arguments not raised before the administrative agency or the district court are forfeited and generally will not be considered on appeal. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999). Forfeited issues will not be addressed absent extraordinary circumstances. *See United States v. Campbell*, 26 F.4th 860, 871-72 (11th Cir. 2022) (en banc).

## II

Ms. Easley requested disability benefits due to neck problems, a herniated disc in her neck, stenosis, nerve pain in her left hand, and gout in her right foot. She also claimed she was disabled due to anxiety, depression, migraine headaches, and numbness in her feet and hands. The ALJ concluded that Ms. Easley was not suffering from a disability as defined in the Social Security Act, and therefore denied her application for disability benefits and supplemental security income. The district court affirmed the ALJ's determination. [2]

---

[2] The Commissioner has since awarded her benefits on a subsequent application, finding her disabled as of January 9, 2019—the day after the ALJ's decision.

Ms. Easley was 42 years old at the onset of her disability on September 12, 2014, and she was 47 on the date the ALJ issued the unfavorable decision on January 8, 2019—meaning she is 51 or 52 years old today. She speaks English and has a seventh-grade education. In the past, she has worked as a nurse assistant, parts inspector, automobile assembler, and hair stylist. She has not worked since the onset of her disability.

### III

Ms. Easley argues that the ALJ failed to clearly articulate good cause to support her decision not to give the treating physician "substantial or considerable" weight as required by Eleventh Circuit precedent. Although the issue is close, we conclude that the ALJ's conclusion that Dr. Tariq's opinion should be given little weight is supported by substantial evidence.

For claims filed before March 17, 2017, "[t]he opinion of a treating physician[,]" such as Dr. Tariq, "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003) (internal citation and quotation marks omitted). That so-called treating physician rule has been superseded, but only for claims filed after March 17, 2017. Ms. Easley filed her application before March of 2017, so the treating physician rule applies. *See* 20 C.F.R. § 404.1520c. [3]

---

[3] In 2017, the SSA eliminated the treating physician rule. *See* 82 Fed. Reg. 5844, 5867-68 (Jan. 18, 2017). *See also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 894 (11th Cir. 2022) ("[T]he new regulation validly abrogated the treating-

The ALJ gave Dr. Tariq's opinions less weight because they were inconsistent with the medical evidence. Dr. Tariq offered two opinions on fill-in-the-blank forms. On one form, he indicated that Ms. Easley was only capable of sitting upright, standing, and walking for less than 15 minutes at a time, and that her medical conditions would require her to lie down, sleep, or sit with her legs elevated for four hours out of an eight-hour workday. On a second form, Dr. Tariq indicated that she could sit upright and stand for less than 15 minutes at a time. He circled two contradictory answers—indicating that she would need to spend 15 minutes and 6 hours lying down, sleeping, or sitting with her legs elevated.

The contradictory answers on Dr. Tariq's form render it impossible to even ascertain what his opinion is. *See* R. at 1418. Ms. Easley does not address this contradiction in her briefing.

At any rate, the medical evidence generally described the conditions as minimal, minor, or moderate. For example, post-surgical imaging studies of Ms. Easley's cervical spine showed that her hardware was intact and in good alignment with no acute osseous abnormality but showed minor disc space height loss at C3-C4 and C6-C7 and minor facet degenerative joint disease. The most recent imaging study, a February 2018 MRI, showed minimal

physician rule"). Whether the new or old regulations apply depends on when the claimant filed his or her application. Claims filed before March 17, 2017 (the date in which the new regulation took effect) are still subject to the old regulation and thus the treating physician rule. *See* 20 C.F.R. § 404.1520c; *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 n. 4 (11th Cir. 2019).

degenerative changes in the cervical region and nonspecific C6 vertebral body marrow edema. Moreover, in 2016, Dr. Ashvini Sengar examined Ms. Easley and reported that she was "completely ambulatory[,]" and in 2018 Dr. Thomas Lackey reported that she had normal coordination, normal gait, normal sensation, and that she was able to heel walk and toe walk.

We have concluded that good cause exists where, as here, the treating physician's opinion was "not bolstered by the evidence" or was "inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1240-41 (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). An ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ's decision to afford Dr. Tariq's opinions little weight is supported by substantial evidence, even if we might have come to a different conclusion.

## IV

Ms. Easley also argues that the ALJ failed to properly weigh the opinion of the examining psychologist Dr. Nichols. We disagree.

An ALJ must consider all opinions in a claimant's case, together with other relevant evidence. *See* 20 C.F.R. § 404.1527(b). The ALJ "must state with particularity the weight given to different medical opinions and reasons therefor." *Winschel*, 631 F.3d at 1179. When the ALJ fails to "state with at least some measure of clarity the grounds for [its] decision, we will decline to affirm simply

because some rationale might have supported the ALJ's conclusion." *Id.* (internal quotation marks and citation omitted).

Dr. Nichols completed a consultative psychological evaluation of Ms. Easley and determined that she had an IQ score of 64, placing her in the bottom 1%. The ALJ gave two reasons for giving little weight to this diagnosis. First, her diagnosis was inconsistent with Ms. Easley's skilled work history as a hairstylist and a semi-skilled work history as a certified nursing assistant and parts inspector. Second, the diagnosis was inconsistent with Dr. Nicole Martinez's opinion that Ms. Easley did not meet or equal a designated Listing.

An ALJ can reject an IQ score where, as here, it is inconsistent with the other evidence. *See Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) ("a valid I.Q. score need not be conclusive of [intellectual disability] where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior"); *Popp v. Heckler*, 779 F.2d 1497, 1499 (11th Cir. 1986) ("[T]he test results must be examined to assure consistency with daily activities and behavior. Thus, in the instant case, it was proper for the ALJ to examine the other evidence in the record in determining whether Popp was in fact [intellectually disabled]."). Even though the opinion of an examining doctor is "generally entitled to more weight than that of a non-examining doctor," the ALJ may reject any doctor's opinion "if the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

Here, the ALJ rejected Dr. Nichols' determination that Ms. Easley had an IQ score of 64 because of her history as a skilled worker. The ALJ determined that Dr. Martinez's testimony was more credible and consistent with the other evidence, and we will not decide the facts anew, make credibility determinations, or re-weigh the evidence. *See Winschel*, 631 F.3d at 1178. Ms. Easley cites caselaw for the proposition that the ALJ cannot substitute her own judgment for that of the medical expert, *see* Appellants Br. at 24-25, but that is not what occurred here. The ALJ merely determined that Dr. Nichols' diagnosis of mild intellectual disability was inconsistent with the record evidence.

Finally, Ms. Easley urges us to adopt the Seventh Circuit standard, which would require us to view the ALJ's decision to give a consulting physician's opinion (like Dr. Nichols') little weight with "a degree of suspicion." *See Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir. 1995). Our own precedent has not articulated this standard, and to the contrary, we have held the opinions of non-treating physicians, like Dr. Nichols, are not entitled to great weight. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004). We decline to adopt this stricter standard now.

In sum, the ALJ's decision to give little weight to Dr. Nichols' opinion is supported by substantial evidence, and therefore we affirm.

## V

Ms. Easley's three remaining arguments lack merit.

First, she argues that she has a disability included in Listing 12.05. But Ms. Easley withdrew her contention that her disability satisfies Listing 12.05 at the last hearing. Her attorney stated, "[i]n our pre-hearing briefing we argued that the claimant met [L]isting 12.05B and based on the expert's testimony we withdraw that argument[.]" On appeal, Ms. Easley does not explain how she did not abandon her 12.05 Listing argument. The ALJ did not address this withdrawn argument, and we will not do so on appeal. *See United States v. Austin*, 856 F.2d 1487 , 1490 (11th Cir. 1988) ("this issue was not raised in the administrative proceedings . . . we agree with the district court that this omission precludes judicial review of the claim"). *See also* D.E. 18 at 16 (district court concluded Ms. Easley's argument was abandoned).

Second, Ms. Easley argues that remand was warranted under sentence four and six of 42 U.S.C. § 405(g). We disagree.

To remand under sentence four, the district court must find either that the decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim. *See Jackson v. Charter*, 99 F.3d 1086, 1092 (11th Cir. 1996). Ms. Easley reiterates her arguments that the ALJ did not properly weigh the opinions of Dr. Tariq and Dr. Nichols. We have, however, already addressed and rejected these arguments above.

To obtain a sentence six remand, a claimant must establish that (1) the evidence is new and noncumulative; (2) the evidence is material, such that a reasonable possibility exists that it would

change the administrative result; and (3) there was good cause for the failure to submit the evidence at the administrative level. *See Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015). Ms. Easley argued that the subsequent favorable decision granting her benefits was new evidence requiring remand. But the Eleventh Circuit has held that a subsequent favorable decision alone does not support a remand. *See id*. at 821-822 ("Subsequent determination that claimant was entitled to social security disability benefits was not itself new and material evidence, as required to warrant remand of prior denial benefits based on new material evidence.").

Third, Ms. Easley argues that substantial evidence did not support the ALJ's decision. Ms. Easley again reiterates the same arguments regarding the opinions of Dr. Tariq and Dr. Nichols. We have already addressed and rejected these arguments, so we do not address them further.

## VI

We affirm the district court's opinion.

**AFFIRMED.**