[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12148

Non-Argument Calendar

_____

ZINTA HARNER,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:19-cv-01808-MHH

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether an administrative law judge should have applied a new regulation about the proper weight to give the medical opinions of a disability claimant's treating physicians. The new regulation, 20 C.F.R. § 404.1520c (2017), abrogated the "treating-physician rule" first developed by this and other courts of appeals. The treating-physician rule instructed administrative law judges to defer to the medical opinions of treating physicians in the determination of whether an individual is disabled under the Social Security Act. The new regulation instructs administrative law judges to give a treating physician's opinion no deference and instead to weigh medical opinions based on their persuasiveness. Because the new regulation validly abrogated the treating-physician rule and applied to Harner's claim, we affirm.

## I. BACKGROUND

In April 2017, Zinta Harner applied for disability benefits. She alleged that, as of August 2016, she was unable to work because of degenerative disc disease, bulging and herniated discs, other spine issues, fatigue, migraines, asthma, fatty liver, and food allergies. Before August 2016, Harner had worked as a medical-office receptionist and a travel agent. Her application for benefits was first

denied in August 2017. Harner then requested a hearing before an administrative law judge, which took place in April 2019.

At the hearing, the administrative law judge considered the administrative record and Harner's medical records, which included opinions from many different medical professionals. Harner emphasized the opinions of three of these medical professionals: Doctor Chindalore, Doctor Johnson, and Nurse Practitioner Pettry. Chindalore was Harner's rheumatologist who treated Harner's fibromyalgia. Johnson was Harner's neurosurgeon who treated Harner for her back pain and performed Harner's 2017 spinal fusion surgery. Both Chindalore and Johnson expressed medical opinions that Harner's impairments would prevent her from working and impact her daily activities. They both stated that Harner became unable to work on August 5, 2016, and that she could stand and walk for less than two hours per day, sit for less than two hours per day, and sit for only 15 minutes at a time before needing to change position. Pettry treated Harner for depression and anxiety and stated that Harner's emotional disability limited her ability to "cop[e] with what would otherwise be considered normal, but significant day to day situations."

The administrative law judge also heard testimony from Harner and a vocational expert. Harner testified about her past work experiences, how her pain affected her work, and her day-to-day life. The vocational expert answered a series of hypotheticals about what kinds of work an individual with Harner's background and different sets of physical limitations could complete.

The administrative law judge denied Harner's application on the ground that she could perform both her past relevant work and unskilled light work. To make this determination, the administrative law judge followed the multi-step evaluation process established by the Commissioner. *See* 20 C.F.R. § 404.1520(a) (2020). He found that, although three of Harner's impairments (her spine disorders, fibromyalgia, and migraines) qualified as "severe," *id.* § 404.1520(a)(4)(ii), her impairments did not "meet[] or equal[]" the severity of an impairment listed in the regulations, *id.* § 404.1520(a)(4)(iii). The administrative law judge also found that Harner had "the residual functional capacity to perform light work" with certain restrictions to account for Harner's impairments, *see id.* § 404.1520(a)(4)(iv), (e), and that with her residual functioning capacity, Harner could perform her past relevant work as well as other jobs that require unskilled light work, *see id.* § 404.1520(a)(4)(v).

In his analysis of Harner's residual functioning capacity, the administrative law judge did not give the medical opinions of Harner's treating physicians deference or controlling weight. Instead, the administrative law judge considered all the medical opinions "in accordance with the requirements of [section] 404.1520c." *See id.* § 404.1520c. The administrative law judge "d[id] not find" the assessments of Chindalore, Johnson, and Pettry "persuasive, as they [we]re not supported by or consistent with the medical evidence, particularly the evidence demonstrating improvement and resolution of [Harner's] leg pain following back surgery and

conservative care." He explained that "[t]he record provided multiple clinical entries documenting that the pain symptoms were stable on her treatment regimen" and "indicated improvement in her mental health." But the administrative law judge did find that the opinions of the state agency consultants that Harner was "capable of light work with some postural, manipulative, and environmental restrictions" were "persuasive and consistent with the objective medical evidence." The administrative law judge included an additional limitation for Harner's need to alternate sitting and standing in the light of her testimony and medical evidence submitted post-consultation.

In the light of this analysis, the administrative law judge concluded that Harner was not disabled under the Act and was not entitled to disability benefits. The Appeals Council denied Harner's request for review. So, the administrative law judge's decision became the final agency decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). Harner filed a complaint seeking review of the administrative law judge's decision in the district court.

The district court affirmed the decision of the administrative law judge. The district court determined that section 404.1520c, and not the treating-physician rule, applied to Harner's claim. The district court also concluded that "[u]nder the new regulations, the [administrative law judge] adequately accounted for his finding that the medical opinions from Ms. Harner's treating physicians were not persuasive" because he "cited to specific pieces of inconsistent evidence in the record and pointed out why he believed

[Doctors] Chindalore and Johnson and [Nurse Practitioner] Pettry provided unsupportable opinions." The district court further concluded that "[s]ubstantial evidence supports the [administrative law judge's] analysis of the medical opinions from Ms. Harner's treating physicians." The district court determined that the administrative law judge did not err in considering Harner's daily activities in his residual functioning capacity analysis, that the administrative law judge properly analyzed Harner's fibromyalgia, and that there was substantial evidence in the record that Harner could perform her past work. Finally, the district court denied Harner's motion to remand due to a later finding of disability in October 2020. Harner appealed.

## II. STANDARD OF REVIEW

We review an administrative law judge's application of the law *de novo*. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

## III. DISCUSSION

Harner argues that our earlier precedents establishing and applying the treating-physician rule are still good law, notwithstanding the promulgation of section 404.1520c. "Where, as here, the statute expressly entrusts the [Commissioner] with the responsibility for implementing a provision by regulation, our review is limited to determining whether the regulation[] promulgated exceeded the [Commissioner's] statutory authority and whether [it is] arbitrary and capricious." *Heckler v. Campbell*, 461 U.S. 458, 466

(1983) (footnote omitted); *see also Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984) ("If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute."). Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates our earlier precedents applying the treating-physician rule.

The Social Security Act conferred "exceptionally broad authority" to the Commissioner "to prescribe standards for applying certain sections of the . . . Act." *Heckler*, 461 U.S. at 466 (internal quotation marks omitted). This broad authority includes the authority to adopt "reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same" for adjudicating disability claims. 42 U.S.C. § 405(a). Exercising this delegated authority, the Commissioner promulgated section 404.1520c.

Before the promulgation of section 404.1520c, administrative law judges were instructed to defer to the medical opinions of a social security claimant's treating physicians. This "treating physician rule . . . was originally developed by Courts of Appeals as a means to control disability determinations by administrative law judges under the Social Security Act." *Black & Decker Disability*

*Plan v. Nord*, 538 U.S. 822, 829 (2003). In 1991, the Commissioner promulgated a regulation that adopted the treating-physician rule. *Id.*; *see* 56 Fed. Reg. 36932 (Aug. 1, 1991) (to be codified at 20 C.F.R. pts. 404, 416). The regulation required administrative law judges to "[g]enerally . . . give more weight" to the opinions of treating physicians unless there was good cause not to do so. 20 C.F.R. § 404.1527(d)(2) (1992); *see also* 20 C.F.R. § 404.1527(c)(2) (2016) (most recent iteration of the treating-physician-rule regulation).

In 2017, the Commissioner eliminated the treating-physician rule. 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404, 416). The Commissioner explained that the change eliminated confusion about the hierarchy of medical sources and focused on "the persuasiveness of the content of the evidence." *Id.* The Commissioner determined that a change was required due to the shift away from physicians having a personal relationship with claimants and toward claimants consulting multiple doctors and care teams. *Id.* at 5852–53.

"For claims filed . . . on or after March 27, 2017," an administrative law judge must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the new regulation provides several factors for determining what weight to give a claimant's proffered medical opinions. Those factors include the supportability of the medical opinion, its consistency with other record evidence, the physician's relationship

with the claimant, the physician's specialty, and other relevant information, such as the physician's familiarity with the other record evidence and with making a claim for disability. *Id.* § 404.1520c(c)(1)–(5).

Section 404.1520c falls within the express delegation to the Commissioner to "adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same" for adjudicating disability claims. *See* 42 U.S.C. § 405(a). And although the Act instructs administrative law judges to "make every reasonable effort to obtain from the individual's treating physician . . . all medical evidence . . . necessary" to make a proper disability determination, 42 U.S.C. § 423(d)(5)(B), the Act does not specify how this evidence is to be weighed. Because section 404.152c falls within the express delegation and is not "manifestly contrary to the statute," *see Chevron*, 467 U.S. at 844, the regulation did not "exceed the [Commissioner's] statutory authority." *See Heckler*, 461 U.S. at 466.

Neither is section 404.1520c arbitrary or capricious. The Commissioner explained her replacement of the treating-physician rule with an instruction to weigh medical opinions based on their persuasiveness due to "fundamental changes in healthcare delivery." 82 Fed. Reg. at 5853. The Commissioner explained that today claimants "less frequently develop a sustained relationship with one treating physician" and often "receive health care from multiple medical sources, such as coordinated and managed care

organizations." *Id.* Section 404.1520c "retain[s] the relationship between the medical source and the claimant as one of the factors we consider as we evaluate the persuasiveness of a medical opinion" and "allow[s] an adjudicator to consider an individual's own medical source's medical opinion to be the most persuasive medical opinion if it is both supported by relevant objective medical evidence and . . . is consistent with other evidence." *Id.*; *see also* 20 C.F.R. § 404.1520c(c)(3). But section 404.1520c also helps to "eliminate confusion about a hierarchy of medical sources" that no longer reflects how most claimants receive health care. *See* 82 Fed. Reg. at 5853. The Commissioner "adequately explain[ed] the reasons for [this] reversal of policy," and so the "change is not invalidating." *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (internal quotation marks omitted); *see also id.* (An "agency . . . must consider . . . the wisdom of its policy on a continuing basis . . . in response to changed factual circumstances.") (first alteration in original) (internal quotation marks omitted).

That our precedents came before the Commissioner's regulations does not change our analysis. "A court's prior judicial construction of a statute trumps an agency construction otherwise entitled to *Chevron* deference only if the prior court decision holds that its construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion." *Id.* at 982. "This principle follows from *Chevron* itself," the "premise" of which "is that it is for agencies, not courts, to fill statutory gaps."

*Id.* "A contrary result illogically would wed this circuit to" our earlier decisions "while [other courts] would be bound under *Chevron* to defer to the [Commissioner's] rule." *See Satellite Broad. & Commc'ns Ass'n of Am. v. Oman*, 17 F.3d 344, 348 (11th Cir. 1994). "Moreover, it would create a rush to the courthouse among parties wishing to litigate a statute's meaning before an agency has exercised its" authority. *See id.*

We have never held that the treating-physician rule is unambiguously required by the Act. The rule was first adopted by this Court in 1982. *See Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). In *Walden*, we relied on a decision of our predecessor Court, *Smith v. Schweiker*, which explained that "[i]t is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." 646 F.2d 1075, 1081 (5th Cir. Unit A June 1981). The *Smith* decision itself relied on an even earlier decision of our predecessor Court, *Fruge v. Harris*, 631 F.2d 1244 (5th Cir. Unit A 1980), which asserted that "[u]nless there is good cause shown to the contrary, the testimony of the treating physician must be accorded substantial weight," *id.* at 1246. No decision of this Court applying the treating-physician rule purports to interpret the Act, let alone holds that the Act unambiguously requires the treating-physician rule. *See, e.g., MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961–62 (11th Cir. 1985); *Wiggins v.*

*Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). In fact, none of the courts of appeals that applied the treating-physician rule before the 1991 regulation held that the rule was required by the Act. 56 Fed. Reg. at 36934 ("None of the circuit courts of appeals has held that its treating physician rule is required by the Act or the Constitution."). Instead, this Court and other courts of appeals engaged in gap-filling, based on a reasonable understanding of the doctor-patient relationship, before the Commissioner did the same. *See id.*

Section 404.1520c applied to Harner's claim. Harner filed her disability claim on April 28, 2017, after the effective date for section 404.1520c. And because section 404.1520 forbids administrative law judges from "defer[ring] or giv[ing] any specific evidentiary weight, including controlling weight, to any medical opinion(s)," 20 C.F.R. § 404.1520c(a), the administrative law judge did not err by declining to give more weight to the medical opinions of Harner's treating physicians.

Finally, to the extent that Harner mentions other aspects of the administrative law judge's decision, she has forfeited any challenge to them. An appellant is required in her brief to address her "contentions and the reasons for them, with citations to the authorities and parts of the record on which [she] relies." FED. R. APP. P. 28(a)(8)(A). An appellant forfeits an issue when she "raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Harner's references to the substantiality of the evidence, the administrative law judge's analysis of her fibromyalgia, and the

administrative judge's consideration of her daily activities as "[d]iminish[ing] the [p]ersuasiveness of [h]er [a]llegations" consist only of block quotations from and cursory mentions of various decisions of this and other courts. Harner failed to refer to the facts of her case or to provide any meaningful explanation as to how the decisions she cites apply to her claim, her arguments are forfeited.

## IV. CONCLUSION

We **AFFIRM** the judgment of the district court.