[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10507

Non-Argument Calendar

_____

MARK ANTOINE JONES,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01725-MHH

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM

Mark Antoine Jones appeals the district court's order affirming the Social Security Commissioner's ("Commissioner") denial of his claim for supplemental security income. He argues that the administrative law judge ("ALJ") erred by failing to accord proper weight to the opinions of Jones's treating physician, Dr. Fredric Feist, and failing to provide good cause in doing so in denying his claim for disability benefits.

## I.

We review an ALJ's application of the law *de novo*. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).

An appellant is required in his brief to address his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). An appellant forfeits an issue when he "raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

## II.

In 2017, the Commissioner issued a new regulation, 20 C.F.R. § 404.1520c, which abrogated the "'treating-physician rule.'" *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th

Cir. 2022).  Under the treating-physician rule, an ALJ was required to give a treating physician's opinion "substantial or considerable weight unless 'good cause' [was] shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  Under the new regulation, an ALJ is to give a treating physician's opinions no deference and instead must weigh medical opinions based on their persuasiveness.  20 C.F.R. § 404.1520c.  Indeed, § 404.1520c states that an ALJ is not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)."  *Id.* § 404.1520c(a).  Section 404.1520c applies to claims filed on or after March 27, 2017.  *Id.* § 404.1520c.

In *Harner*, we recently held that § 404.1520c fell within the scope of the Commissioner's rulemaking authority and was not arbitrary and capricious.  *Harner*, 38 F.4th at 896.  Thus, we determined that the new regulation abrogated our earlier precedents applying the treating-physician rule.  *Id.*  Because the new regulation applied to Harner's claim, we concluded that the ALJ "did not err by declining to give more weight to the medical opinions of Harner's treating physicians."  *Id.* at 898.  We also ruled that Harner had forfeited any challenge to other aspects of the ALJ's decision, such as the substantiality of the evidence because her brief consisted "only of block quotations from and cursory mentions of various decisions of this and other courts."  *Id.* at 898–99. We noted that "Harner failed to refer to the facts of her case or to provide any

meaningful explanation as to how the decisions she cites apply to her claim, her arguments are forfeited." *Id.* at 899.

Here, as the new regulation in 20 C.F.R. § 404.1520c applies to Jones's claim, his argument that the ALJ erred by failing to give specific evidentiary weight to Dr. Feist's medical opinions—i.e., to apply the treating-physician rule—is foreclosed by our decision in *Harner*. We also conclude that Jones has forfeited any other challenge to the ALJ's decision, including any challenge that the ALJ's decision not to give more weight to Dr. Feist's opinions was not supported by substantial evidence. *See Sapuppo*, 739 F.3d at 681.

We therefore affirm the district court's order affirming the Commissioner's denial of his claim for supplemental security income.

**AFFIRMED.**