[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12928

Non-Argument Calendar

_____

THOMAS EUGENE JOINER,

Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01321-ACA

_____

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Thomas Joiner applied to the Social Security Administration for supplemental security income and was denied. He appealed the denial to the district court, which affirmed the decision. Now, he appeals to us, and we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February 2019, Joiner applied for adult supplemental security income for a disability that began about ten years earlier. Joiner listed ten medical conditions that allegedly limited his ability to work: a back problem, degenerative disc disease, a bulging disc, pinched nerves, arthritis in both legs, a pitting edema, no cartilage in the right knee, hypertension, anxiety, and depression. And he said that before he became unable to work, he had jobs as a painter for a residential contractor and as a pipe fitter for a construction company.

The Administration denied Joiner's application, and Joiner requested a hearing before an administrative law judge. At the hearing, Joiner testified about his living situation, his employment and medical histories, the limitations allegedly caused by his medical conditions, and how he dealt with the limitations. Then, a vocational expert testified about how an individual like Joiner could hypothetically work in the national economy.

The administrative law judge had started the hearing by accepting into evidence Joiner's medical records from 2014 to 2019. These records included a May 15, 2019 report in which Joiner's consultative examiner, Dr. James Temple, concluded: "With [his] difficulty with movement without pain, [Joiner] had to stop work because of his inability to carry on his job. I feel he is disabled at this point in time." In his closing argument, Joiner (through a non-attorney representative) mentioned Dr. Temple's disability determination.

The administrative law judge denied Joiner's request for supplemental security income. The administrative law judge "careful[ly] consider[ed]" all evidence—including Joiner's "complete medical history"—and concluded that Joiner "ha[d] not been under a disability within the meaning of the Social Security Act since" he applied in February 2019. The administrative law judge followed the Administration's "five-step sequential evaluation process" to determine whether Joiner was disabled. 20 C.F.R. § 416.920(a). The administrative law judge concluded that Joiner was not disabled at the fifth step because Joiner was "capable of making a successful adjustment to other work that exist[ed] in significant numbers in the national economy."

In reaching this conclusion, the administrative law judge mentioned Dr. Temple's disability determination and noted that administrative law judges "c[ould ]not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those

from medical sources." 20 C.F.R. § 404.1520c(a). The administrative law judge also stated that Dr. Temple "did not offer a function-by-function analysis of [Joiner]'s abilities and limitations" and that the "blanket determination[] regarding [Joiner]'s disability status [wa]s a finding . . . reserved for the . . . Administration." *Id.* § 416.920b(c)(3)(i).

Joiner appealed the administrative law judge's decision to the Appeals Council, and the Appeals Council denied his request for review because the administrative law judge didn't commit an abuse of discretion and the Appeals Council found no other reason to review the decision.

Joiner filed a complaint in the district court seeking review of the administrative law judge's decision. In his memorandum in support of disability, Joiner argued that the administrative law judge "wrongly rejected" Dr. Temple's opinion that Joiner was disabled, improperly substituted his own judgment for Dr. Temple's, "failed to accord proper weight to the opinion," "failed to recontact" Dr. Temple "to determine the basis of [the] opinion," and "failed to state with at least 'some measure of clarity' grounds for decision in repudiating the opinion." Joiner also cited an out-of-circuit case—*Wilder v. Chater*, 64 F.3d 335 (7th Cir. 1995)—and asked the district court to apply the "higher degree of review" that the case requires when an administrative law judge "disregards the consultative evaluation" of a medical expert selected by the Administration.

The district court affirmed the administrative law judge's decision. The district court said that the administrative law judge specifically explained why he rejected Dr. Temple's opinion, was not required to recontact Dr. Temple, and didn't "substitute[] his opinion for that of Dr. Temple." The district court also recognized that this court does not follow the *Wilder* standard, and in any event, it found *Wilder* distinguishable. And "[s]ubstantial evidence," the district court explained, "support[ed] the [administrative law judge]'s denial of . . . Joiner's application for supplemental security income."

## STANDARD OF REVIEW

In social security appeals, we review de novo whether the correct legal standards were applied. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

## DISCUSSION

On appeal, Joiner restates the arguments that he made in the district court, contending that the administrative law judge erred as a matter of law when he disregarded Dr. Temple's disability determination, and asking us to apply the *Wilder* standard. In asserting that the administrative law judge erred when he disregarded Dr. Temple's disability determination, Joiner cites cases decided under the "treating-physician rule," which required that an administrative law judge defer to a treating physician's medical opinion in determining whether an individual was disabled under the Social Security Act. As we recently clarified, the regulation that the

administrative law judge applied in Joiner's case, 20 C.F.R. section 404.1520c, abrogated the older treating-physician rule. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022) ("Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates our earlier precedents applying the treating-physician rule.").

Under the current regulations, Dr. Temple's opinion that Joiner was disabled was a statement on an issue reserved to the Administration—whether Joiner was "disabled, blind, able to work, or able to perform regular or continuing work." 20 C.F.R. § 416.920b(c)(3)(i). Accordingly, it was "[e]vidence that [wa]s inherently neither valuable nor persuasive." *Id.* § 416.920b(c). And the administrative law judge didn't need to "provide any analysis about how [he] considered such evidence in [his] determination or decision." *Id.* Thus, the administrative law judge didn't err as a matter of law when he disregarded Dr. Temple's disability conclusion.

Finally, we agree with the district court that *Wilder* is distinguishable. In *Wilder*, the consulting physician's opinion was the only medical evidence regarding the applicant's mental health impairments, so the rejection of the opinion by the administrative law judge, the Seventh Circuit concluded, was "rank conjecture." 64 F.3d at 338. But, where the medical evidence is conflicting, as it is here, we've held that it was not error for the administrative law judge to give less weight to the consulting physician's opinion. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir.

2004) ("The ALJ correctly found that, because Hartig examined Crawford on only one occasion, her opinion was not entitled to great weight. . . . [T]he ALJ's findings regarding Crawford's mental capacity were supported by the findings of Dr. Mehta, the psychiatrist who had examined Crawford on two occasions and reported that Crawford was cooperative clear, spontaneous, but without any evidence of loose associations, flights of ideas, or pressure of speech." (cleaned up)).  That's what happened here.  The administrative law judge explained why he rejected Dr. Temple's disability conclusion—Dr. Temple did not offer a function-by-function analysis of Joiner's abilities and limitations and his blanket determination that Joiner was disabled was reserved for the Commissioner—and instead credited the testimony of the medical evidence showing that Joiner had residual functional capacity to perform jobs in the national economy.

Finding no error, we affirm.

**AFFIRMED.**