[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11531

Non-Argument Calendar

_____

CHRISTIE BAILEY,

                                                            Plaintiff-Appellant,

*versus*

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

                                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:20-cv-01664-NAD

_____

Before ROSENBAUM, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Christie Bailey appeals a magistrate judge's order affirming the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for supplemental security income ("SSI"). In this appeal, Bailey challenges only the Appeals Council's refusal to consider certain new evidence presented by Bailey to the Appeals Council. First, she argues that the Appeals Council erred in finding that a medical record from CED Mental Health Center ("CED") by Dr. Huma Khusro, dated February 2020, and a psychological evaluation by Dr. June Nichols, dated May 2020, were not chronologically relevant. Second, she argues that (1) a medical record from CED by Dr. Chardonney Johnson, dated December 2019; (2) a medical record from Quality of Life, dated January 2020; (3) a one-page mental health source statement by Dr. Khusro, dated March 2020; and (4) a one-page mental health source statement by Dr. Nichols, dated May 2020, were not material. She adds, without citing to any authority, that, where a doctor, especially a treating physician like Dr. Khusro, opines that a claimant has disabling symptoms, the opinion is *per se* material.

In a social security case, we review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Whether evidence meets the new, material, and chronologically relevant standard is a

question of law subject to our *de novo* review. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). The Appeals Council commits reversible error when it improperly refuses to consider such evidence. *Id.* We will not address a new issue in a social security appeal that was not raised in the district court. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Generally, a claimant may present evidence at every stage of the administrative process. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018). If a claimant presents evidence after the Administrative Law Judge's ("ALJ") decision, the Appeals Council must consider it if it is new, material, and chronologically relevant." *Id.* at 1309. Evidence is material if there is a reasonable probability that the evidence would change the administrative result, and it is chronologically relevant if it relates to the period on or before the date of the ALJ's hearing decision. *Id.*; 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). The Appeals Council is not required to provide a detailed rationale for denying review. *Mitchell v. Soc. Sec. Admin, Comm'r*, 771 F.3d 780, 784 (11th Cir. 2014).

Medical opinions based on treatment occurring after the date of the ALJ's decision may be chronologically relevant. *Washington*, 806 F.3d at 1322. In *Washington*, the claimant submitted to the Appeals Council a psychologist's evaluation and accompanying opinion about the degree of the claimant's mental limitations, which were prepared seven months after the ALJ's decision. *Id.* at 1319. We concluded that the psychologist's materials were

chronologically relevant because: (1) the claimant described his mental symptoms during the relevant period to the psychologist, (2) the psychologist had reviewed the claimant's mental health treatment records from that period, and (3) there was no evidence of the claimant's mental decline since the ALJ's decision. *Id.* at 1322-23 (limiting our holding to "the specific circumstances of th[e] case").

In *Hargress*, the Appeals Council denied the appellant's petition for review and refused to consider her newly submitted evidence—which included medical records dated after the ALJ's decision—stating that the new records were "about a later time" than the ALJ's decision, and, therefore, did not affect the ALJ's decision as to whether she was disabled prior to the date of that decision. *See Hargress*, 883 F.3d at 1309. We stated that the Appeals Council had declined to consider these new medical records because they were not chronologically relevant. *Id.* We also held that the new records were not chronologically relevant because nothing in them indicated that the doctor, who did not treat the claimant during the relevant period, had reviewed the appellant's medical records, or that the information in them related to the period at issue. *Id.* at 1309-10.

In *Harner v. Social Security Administration, Commissioner*, we explained that, for claims filed on or after March 27, 2017, the ALJ does not defer or give any specific evidentiary weight, including controlling weight, to any medical opinions or prior administrative medical findings. 38 F.4th 892, 898 (11th Cir. 2022); 20 C.F.R. §

404.1520c(a).  Instead, the ALJ considers the persuasiveness of medical opinions or prior administrative findings and will articulate the persuasiveness of the medical opinions in its finding.  20 C.F.R. § 404.1520c(a), (b).  The ALJ considers several factors when assessing medical opinions, including supportability and consistency, which are the most important factors in conducting this assessment.  *Id*. § 404.1520c(a), (b)(2), (c)(1)-(5).

Here, the Appeals Council did not err in denying review after Bailey submitted new, post-decision evidence consisting of: (1) Dr. Nichols's 2020 psychological evaluation, (2) the February 2020 CED medical record, (3) the January 2020 Quality of Life medical record, (4) the December 2019 CED medical record, (5) the March 2020 mental health source statement from Dr. Khusro, and (6) the May 2020 mental health source statement from Dr. Nichols.  Regarding Dr. Nichols's May 2020 psychological evaluation and the February 2020 CED medical record, the Appeals Council did not err in determining that this evidence was chronologically irrelevant.  Like in *Hargress*, here both records were "about a later time" than the ALJ's decision issued on January 28, 2020.  *See Hargress*, 883 F.3d at 1309-10.  And nothing indicates that the doctors here relied on Bailey's earlier medical records or that the information in them related to the period at issue, which also distinguishes this case from *Washington*.  *See id.*; *Washington*, 806 F.3d at 1322-23.  Although Dr. Nichols's evaluation had summarized Bailey's prior medical records, the evaluation expressly noted that the opinion was based on the examination conducted on that date and Dr. Khusro's March 2020 mental health source statement.  (Doc. 9-3 at

27-28, 31).  Thus, the discussed evidence did not relate to the relevant period on or before the ALJ's decision on January 28, 2022, and the Appeals Council was not required to consider it.  *Id.*

As to the December 2019 CED medical record, the January 2020 Quality of Life medical record, and the March 2020 and May 2020 mental health source statements from Dr. Khusro and Dr. Nichols, the AC did not err in failing to consider this evidence.  Regarding the December 2019 CED medical record, consistent with the ALJ's findings, that record showed that Bailey had moderate mental health symptoms and diagnoses and continued to receive treatment with prescription medications.  And the ALJ had specifically accounted for these moderate symptoms with additional limitations in Bailey's RFC.  Although Bailey did complain at that time that her medications were not working, Dr. Khusro prescribed her alternative medication and continued therapy, and nothing in that record otherwise contradicts the ALJ's finding that there was no continuous evidence of marked or extreme mental health issues.  As such, that record was unlikely to change the outcome of the ALJ's decision.  *Hargress*, 883 F.3d at 1309.  As to the January 2020 Quality of Life medical record, Bailey has waived any argument in this regard by failing to raise it before the district court.  *See Crawford*, 363 F.3d at 1161.

Regarding the source statements from Dr. Khusro and Dr. Nichols, these opinions were also unlikely to change the outcome of the decision because they were not supported by and/or consistent with the medical evidence.  20 C.F.R. § 404.1520c(a), (b)(2).

Both statements were one-page forms that did not provide substantive explanation or evidence as to the limitations described. Dr. Khusro opined that she would expect Bailey to be off-task 50% or more of an 8-hour day and that, in a 30-day period, she would expect Bailey to miss work 15 days or more. Dr. Nichols opined that she would expect Bailey to be off-task 40 to 50% in an 8-hour day and that, in a 30-day period, and she would expect Bailey to miss work 10 to 15 days or more. Neither provided any explanation as to the extreme limitations described—other than broadly describing Bailey as having a longstanding history of mental illness. Moreover, neither attempted to reconcile their opinions with other record evidence showing periods where Bailey was reporting reduced symptoms or no symptoms at all and with Bailey's unchanged treatment plan for the relevant period. And, contrary to Bailey's unsupported assertion, the Appeals Council was not required to defer or give any specific weight to Dr. Khusro's opinion because she was a treating physician or Dr. Nichols's opinion because she was a doctor. *See* 20 C.F.R. § 404.1520c(a); *Harner*, 38 F.4th at 987. As such, the source statements were unlikely to change the outcome of the ALJ's decision, and the AC was not required to consider them. *Hargress*, 883 F.3d at 1309.

Accordingly, we affirm.

**AFFIRMED.**