[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11365

Non-Argument Calendar

_____

CHRISTIAN M. CONCEPCION,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cv-00448-TJC-MCR

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Several years ago, Christian Concepcion sought disability insurance benefits from the Social Security Administration. An administrative law judge concluded that he was not disabled. On appeal, he argues that the judge erred by failing to credit the determination of the Department of Veterans Affairs that he was one hundred percent disabled. But Concepcion is mistaken about the law. A new regulation promulgated before his application for benefits requires that the administrative law judge consider only the supporting evidence underlying the VA's decision, not the decision itself. Concepcion forfeited any argument that the new regulation exceeded the Commissioner's authority or was arbitrary and capricious. And he similarly forfeited any argument that the administrative law judge failed to consider the supporting evidence. So we affirm.

## I.

Concepcion alleges that he suffers from post-traumatic stress disorder, lumbar problems, body pain, arthritis, nerve damage, asthma and respiratory problems, digestive issues, and migraines. The VA rated his ailments as one hundred percent disabling.

Arguing that he could not work, he sought disability insurance benefits from the Social Security Administration in 2019. An administrative law judge considered the testimony of several

doctors, a vocational expert, and Concepcion himself, amongst other evidence. The judge also considered Concepcion's medical records underlying the VA's disability rating, though she gave little weight to the rating itself. She concluded that he was not disabled and denied his application for benefits. Concepcion requested that the Appeals Council review the administrative law judge's denial of benefits, which it declined to do. So the judge's denial became the final decision of the Commissioner of the Social Security Administration.

Then, Concepcion sued in district court seeking judicial review of the Commissioner's final decision. Concepcion argued there that the administrative law judge was required to seriously consider the VA's disability rating, give it great weight, and explain why it deviated from it. The Commissioner said that Concepcion's arguments were based on precedents that had been abrogated by a change in the applicable regulation in 2017. The district court agreed and affirmed the Commissioner's denial of benefits. This appeal followed.

## II.

"We review *de novo* the ALJ's application of legal principles, and we review the ALJ's resulting decision to determine whether it is supported by substantial evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021) (cleaned up).

### III.

When the Commissioner promulgates a revised rule, he abrogates our earlier precedents applying the old rule, so long as the regulation was within his statutory authority and not arbitrary and capricious. *See Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). We previously held that the Social Security Administration's administrative law judges must discuss another agency's decision that a claimant was disabled. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1330 (11th Cir. 2020). But for disability claims filed after March 27, 2017, the Commissioner (and his administrative law judges) need not analyze a decision from another governmental agency, like the VA, so long as they consider the supporting evidence underlying the other agency's decision. 20 C.F.R. § 404.1504. Indeed, we recognized as much in *Noble*, explaining that the new regulation did not apply there because the claimant applied *before* the regulation was promulgated. 963 F.3d at 1324.

Concepcion argues that the administrative law judge erred in not giving great weight to the VA's rating decision and explaining why she disregarded it. But he applied for benefits in 2019. By then, the new regulation required only that she consider the supporting evidence underlying the VA's decision, which she did.

That's the extent of Concepcion's argument. He does not argue that the change in regulation exceeded the Commissioner's statutory authority. He does not argue that the new rule is arbitrary or capricious. And he does not argue that the judge failed to consider the supporting evidence underlying the VA's rating decision.

23-11365               Opinion of the Court                    5

Consequently, he forfeited these issues. *See United States v. Campbell*, 26 F.4th 860, 871–75 (11th Cir. 2022). Because no extraordinary circumstance exists suggesting we should resurrect these issues, we need not address them. *Id.* at 872–73.

## IV.

For the above reasons, the district court is **AFFIRMED**.