[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11777

Non-Argument Calendar

_____

JOHN ESCO, JR.,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant- Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cv-00119-CWB

_____

Before BRASHER, ABUDU and DUBINA, Circuit Judges.

PER CURIAM:

Appellant John Esco, Jr., appeals the district court's order affirming the Social Security Administration's ("SSA") denial of his claim for disability insurance benefits ("DIB").[1] He argues that the administrative law judge ("ALJ") erred in finding (1) Esco's subjective complaints of pain were "not entirely consistent" with the record, (2) Esco did not meet Listing 1.04(A), and (3) Dr. Carter's and Dr. Hayden's opinions were not persuasive. Having read the parties' briefs and reviewed the record, we affirm the district court's order denying Esco's claim for DIB.

**I.**

In a social security disability case in which the Appeal Council has denied review, we review the ALJ's decision as the Commissioner's final decision. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021). We review the ALJ's decision for substantial evidence and his application of legal principles *de novo*. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). In reviewing for substantial evidence, "we may not decide the facts anew, reweigh the evidence, or substitute our judgment for" the ALJ's. *Viverette*, 13 F.4th at 1314 (quotation marks omitted).

---

[1] The parties consented to have this case disposed of by a magistrate judge pursuant to 28 U.S.C. § 636(c).

Substantial evidence is any relevant evidence, less than a preponderance, that a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d at 1211.

A claimant must be disabled to be eligible for DIB, 42 U.S.C. § 423(a)(1)(E), and he bears the burden of proving that he is disabled. *Moore*, 405 F.3d at 1211. A claimant is disabled if he cannot engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death "or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

After considering a claimant's complaints of pain, the ALJ may reject them as not credible, which finding we will review for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony. *Id.* The credibility determination does not need to cite "particular phrases or formulations", but it cannot merely be a broad rejection that does not allow us to conclude that the ALJ considered a claimant's medical condition in its entirety. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted).

A claimant's subjective complaints are insufficient alone to establish a disability. 20 C.F.R. § 404.1529(a); *see Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). A claimant's subjective testimony of pain and other symptoms can establish a finding of disability if the medical evidence supports it. *Holt v. Sullivan*, 921

F.2d 1221, 1223 (11th Cir. 1991).  The claimant must show evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or evidence that the objectively determined medical condition is severe enough that it could reasonably be expected to give rise to the alleged pain.  *Id.*

Once this is established, the ALJ then evaluates the intensity and persistence of a claimant's alleged symptoms and their effect on his ability to work.  20 C.F.R. § 404.1529(c).  When evaluating the extent to which a claimant's symptoms affect his capacity to perform basic work activities, the ALJ considers the daily activities; the location, duration, frequency, and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to alleviate symptoms; treatment other than medication; any measures used to relieve symptoms; other factors concerning functional limitations and restrictions due to symptoms; and inconsistencies between the evidence and subjective statements.  *Id*. § 404.1529(c)(3), (4).

The record here demonstrates that substantial evidence supports the ALJ's finding that Esco's medically determinable impairments reasonably could be expected to cause some of his alleged symptoms but that his statements regarding the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent" with the evidence.  In making the credibility determination, the ALJ referenced Esco's medical records and Esco's hearing testimony, which both indicated that his treatments

improved his functioning.  The ALJ also considered both function reports submitted to the SSA and Esco's hearing testimony, which showed that he was able to perform the activities of daily life, such as washing clothes, cooking basic microwave meals, driving, going shopping, dressing, and caring for his pets.  While Esco did complain of pain and limitations associated with his impairments, subjective complaints alone are not sufficient to establish disability and evidence showed that his treatments were helping with his pain.  Furthermore, those treatments and the information in the function reports showing daily activity are inconsistent with his subjective testimony.  We conclude that the ALJ's assessment satisfied the substantial evidence standard, and we affirm in this respect.

## II.

The ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  Specifically, the ALJ must evaluate: (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the RFC to perform his past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy that the claimant can perform. 20 C.F.R. § 404.1520(a)(4)(i)-(v).

Step three considers whether the claimant has shown that he has an impairment that "meets or equals a disability described in the Listing of Impairments [in Appendix 1 to Subpart P of Part 404 of the Social Security regulations], which describes impairments that are considered severe enough to prevent a person from doing any gainful activity." *Davis v. Shalala*, 985 F.2d 528, 532 (11th Cir. 1993); 20 C.F.R. § 404.1520(a)(4)(iii). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). The duration requirement is satisfied if the impairment has lasted or is expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. "If a claimant's condition meets or equals the listed impairments, he is conclusively presumed to be disabled and entitled to benefits." *Bowen v. City of New York*, 476 U.S. 467, 471, 106 S. Ct. 2022, 2025 (1986). Only if a claimant does not meet a listing does the analysis proceed to step four. *Id.*

Listing 1.04(A) in effect at the time the ALJ made his decision provided in part:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflect loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.04(A) (effective through April 1, 2021).

The record demonstrates that substantial evidence supports the ALJ's finding that Esco did not meet Listing 1.04(A) because the evidence in the record did not show that his impairments rose to the listing level severity. The ALJ noted that Esco's impairments did not rise to the level of severity contemplated by that listing because the diagnostic evidence did not show the diagnostic findings necessary for the listing and the physical examinations did not show the longitudinal or durational requirement of the listing. A 2019 MRI did not show evidence of cord or nerve root impingement, nor did a nerve conduction study in 2018. Thus, Esco failed to present evidence of ongoing nerve compression sufficient to meet the requirements of Listing 1.04(A), and the medical evidence supported the ALJ's determination. Furthermore, as the ALJ noted, Esco failed to meet his burden of showing that his impairment satisfied the durational requirement of at least 12 months. The sporadic treatment notes Esco references are from different points in time (not continuous) when

he met the requirements of the listing, and, thus, are insufficient to meet his burden. We conclude that the ALJ correctly determined that Esco failed to meet Listing 1.04(A), and we affirm in this respect.

## III.

For claims filed before March 27, 2017, "[t]he opinion of a treating physician" had to be "given substantial or considerable weight unless good cause [was] shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quotation marks omitted). "For claims filed . . . on or after March 27, 2017," which applies in Esco's case, an ALJ must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, as we noted in *Harner v. Soc. Sec. Admin., Comm'r*, the new regulation "provides several factors for determining what weight to give a claimant's proffered medical opinions." 38 F.4th 892, 897 (11th Cir. 2022). "Those factors include the supportability of the medical opinion, its consistency with other record evidence, the physician's relationship with the claimant, the physician's specialty, and other relevant information, such as the physician's familiarity with the other record evidence and with making a claim for disability." *Id.* (citing 20 C.F.R. § 404.1520c(c)(1)-(5)).

The most important factors for the ALJ to consider when evaluating the persuasiveness of medical opinions are

supportability and consistency.    20 C.F.R. § 404.1520c(a).    For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be." *Id*. § 404.1520c(c)(1).    For consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. § 404.1520c(c)(2).    The ALJ "will articulate how [he] considered the medical opinions and prior administrative medical findings in [the claimant's] claim according to paragraph (b)." *Id*. § 404.1520c(a).

The record demonstrates that substantial evidence supports the ALJ's finding that Dr. Carter's opinion was "not persuasive" and Dr. Hayden's opinion "non persuasive," because they were not entirely consistent with the evidence in the record.    The ALJ properly considered the relevant factors including supportability and consistency in weighing the medical opinion evidence in the record.    In making its determination, the ALJ cited Esco's own testimony of his daily activities while living independently.    The ALJ also stated that Dr. Carter's own records did not support his opinion, finding the opinion not persuasive specifically as it related to the extensive limitations in walking, sitting, and standing, based on the lack of clinical observations or objective testing.    The ALJ's opinion highlighted that Dr. Hayden's opinion was not fully consistent with his examination of Esco nor with Esco's stated daily activities.    We conclude that the weight the ALJ afforded to the

medical opinions of Dr. Carter and Dr. Hayden was supported by substantial evidence, and we affirm in this respect.

Accordingly, based on the aforementioned reasons, we affirm the district court's order affirming the SSA's denial of Esco's claim for DIB.

**AFFIRMED.**