**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11393

Non-Argument Calendar

_____

STEPHANIE ANN ROVEGNO,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:24-cv-01744-KCD

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Stephanie Rovegno, proceeding pro se, appeals the magistrate judge's order affirming the denial of her claim for disability insurance benefits. Rovegno argues that the Administrative Law

Judge erred in not reviewing all submitted medical evidence, failing to consider the Department of Veterans Affairs' determination that she was disabled, and failing to consider medical evidence of her post-traumatic stress disorder. But, because the ALJ appropriately reviewed the evidence and substantial evidence supports the ALJ's finding that Rovegno was not disabled, we affirm.

**I.**

Rovegno applied for disability insurance benefits, asserting that she had become disabled due to osteoarthritis in her knees, PTSD, and depressive disorder. We discuss these conditions below.

First, her osteoarthritis. Prior to filing for disability benefits, Rovegno complained to her doctors of severe right knee pain stemming from an injury she experienced while serving in the military. Knee x-rays confirmed that she suffered from mild arthritis, trace effusion, and crepitus. Moreover, Rovegno reported that the treatments she tried were not helping.

There was evidence, however, that Rovegno was still leading an active lifestyle, as she told one doctor that she walked five to ten miles per day, was attending college, and went to Disney World three times per week. Rovegno declined additional treatments such as knee surgery, physical therapy, and topical medication. And several medical consultants reviewing these records concluded that Rovegno had a maximum sustained capacity for light work not limited to unskilled work, with one expert opining that Rovegno could perform her past work as a legal secretary.

Despite her active lifestyle and expert opinions on her residual ability to work, Rovegno filed functional reports stating that she could not stand, sit, kneel, bend, lift, walk, or focus due to chronic knee pain. She wrote that she spent her days reading, writing, attending doctor appointments, and taking baths for pain. She added that she could not lift her legs to dress herself, had to sit in a chair to shower, and needed a handicap toilet seat. But Rovegno also acknowledged that she accomplished various daily or weekly activities, which included preparing meals, completing household chores, shopping in stores with an electric cart, and going out to the movies, beach, park, or zoo.

Second, we turn to Rovegno's PTSD and depressive disorder claims. These conditions appear to stem from Rovegno's time in the military. One doctor noted that Rovegno had depression and PTSD but screened her as negative for PTSD in the previous month. The doctor suggested a mental health consult, but Rovegno declined. Psychological consultants reviewing these records concluded that Rovegno's PTSD was a non-severe mental impairment. Rovegno's functional reports explained that her depressive disorder and PTSD made it difficult to focus, leave the house, handle stress, or deal with authority figures.

The Social Security Administration denied Rovegno's claim and declined to reconsider it. Rovegno appealed, and an ALJ held a virtual hearing during which Rovegno and a vocational expert testified. Rovegno testified that she had partially dislocated her right knee while serving in the military. Rovegno explained that she

never underwent surgery on her knee because of the COVID-19 pandemic. Rovegno also testified that she had previously experienced suicidal ideation and trauma. The vocational expert testified that a hypothetical worker with Rovegno's background and limitations could not work Rovegno's previous job of legal secretary. But, he testified, such a hypothetical worker could work as an office helper, mail clerk, or inspector and hand packager.

The ALJ denied Rovegno's claim. The ALJ followed a five-step sequential evaluation process under 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Rovegno had not engaged in substantial gainful activity between her onset date and her date last insured. At step two, the ALJ found that Rovegno had severe impairments, including osteoarthritis, depressive disorder, and PTSD. At step three, the ALJ concluded that none of Rovegno's impairments or combination of impairments met the threshold of any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Rovegno's residual functional capacity precluded her from performing her past job of legal secretary. The ALJ found that Rovegno had the capacity to perform simple and unskilled work with routine and repetitive tasks. In making this finding, the ALJ explained that Rovegno had underlying physical and mental impairments that could be expected to cause her symptoms and pain but found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were only partially consistent with the medical evidence. At step five, the ALJ concluded that Rovegno could adjust to other jobs existing in substantial numbers in the national economy, including office helper,

mail clerk, or an inspector and hand packager. Accordingly, the ALJ found that Rovegno was not disabled.

Rovegno requested that the Social Security Appeals Council review the ALJ's decision, and the Council declined to reverse the decision. Rovegno filed a complaint in the district court and consented to the jurisdiction of a magistrate judge. The magistrate judge issued an order affirming the ALJ's decision.

Rovegno timely appealed.

## II.

We review Social Security cases to determine whether substantial evidence supported the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence means "more than a scintilla" and "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (citation modified).

## III.

Rovegno argues that the ALJ erred in three ways. First, she argues, the ALJ erred by failing to review all submitted medical evidence. Second, she argues that the ALJ erred by failing to consider that the VA rated Rovegno as 100 percent disabled. Third, she argues that the ALJ erred by failing to consider medical evidence of Rovegno's PTSD.

The Commissioner responds that the ALJ reviewed all submitted medical evidence and substantial evidence supports the ALJ's finding. The Commissioner also argues that Rovegno forfeited this issue by failing to cite specific evidence in her brief. The Commissioner adds that a VA disability rating is not binding on the Social Security Administration and that much of the evidence Rovegno attaches in her appendix was not before the ALJ or was outside the relevant time period.

Before turning to Rovegno's arguments, we determine that she did not forfeit the issue of whether substantial evidence supported the ALJ's decision. On the contrary, her brief adequately makes this argument. We liberally construe pro se pleadings. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). And although a litigant can forfeit an issue by failing to raise it or cite relevant parts of the record, *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 899 (11th Cir. 2022), Rovegno adequately raised this issue and referenced the record. Rovegno's brief argues that the court erred in not reviewing all submitted medical evidence for her PTSD and osteoarthrosis. Blue Br. at 3. We can liberally construe this argument as a claim that substantial evidence does not support the ALJ's decision. Rovegno's brief also references parts of the record on which she relies, including her VA disability rating, her physical and mental hardships, the ALJ's residual functional capacity finding, and the ALJ's five-step findings. *Id.* at 3–5; *see Harner*, 38 F.4th at 899.

Although Rovegno did not forfeit her substantial evidence argument, we conclude that the ALJ reviewed all submitted medical evidence. It is true that an ALJ must consider the evidence as a whole. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). But we do not require an ALJ's decision to cite every piece of evidence in the record. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1326 (11th Cir. 2021). The ALJ discussed and cited many parts of the record and stated that he considered the entire record. This satisfied the ALJ's duty to consider the evidence. And substantial evidence supports the ALJ's finding that Rovegno was not disabled. Medical records confirm that Rovegno declined additional treatments for her osteoarthritis as well as mental health consults. Rovegno also led an active and independent life attending college, going to Disney World, and completing regular chores. A reasonable person could accept this evidence as adequate to support the ALJ's assessment that Rovegno could perform light, simple, and unskilled work. *See Winschel*, 631 F.3d at 1178. Thus, substantial evidence supports the ALJ's assessment.

We also reject Rovegno's argument that the ALJ should have considered her VA disability rating. Contrary to Rovegno's assertion, the ALJ did consider this rating. Indeed, the ALJ repeatedly cited Rovegno's VA's disability rating, ultimately concluding that it was unpersuasive. And the ALJ did not err in finding that rating unpersuasive because a VA disability rating is not binding on an ALJ. *See* 20 C.F.R. § 404.1504.

Finally, we reject Rovegno's argument that the ALJ erred by failing to consider medical evidence of her PTSD because Rovegno never specifies what evidence the ALJ failed to consider. Further, the ALJ's decision does not ignore evidence of Rovegno's PTSD and depressive disorder; the decision cites several medical records documenting Rovegno's PTSD and depressive symptoms. We conclude that the ALJ properly considered the evidence of Rovegno's mental health conditions.

## IV.

For these reasons, the judgment below is **AFFIRMED.**