[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11184

Non-Argument Calendar

_____

ALBERTO GARCIA,

                                        Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22879-RNS

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Alberto Garcia appeals the district court's order affirming the Social Security Administration's ("SSA") denial of his claims for a period of disability and disability insurance benefits ("DIB") under 42 U.S.C. § 405(g), and supplemental security income ("SSI") under 42 U.S.C. § 1383(c)(3). Garcia argues first that the Administrative Law Judge ("ALJ") erred in finding that the opinion evidence of Dr. Aponte was unpersuasive, which resulted in the ALJ's finding that Garcia's mental limitations were nonsevere and did not meet the listed requirements. Second, Garcia argues that, based primarily on this erroneous discounting of Dr. Aponte's opinions, the ALJ also erred in failing to include mental impairment limitations in the residual functional capacity ("RFC").

Where an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner of the SSA's ("Commissioner") final decision. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313-14 (11th Cir. 2021). We review a social security disability case to determine whether the Commissioner's decision is supported by substantial evidence and review *de novo* whether the ALJ applied the correct legal standards. *Id.* Since our review is the same as that of the district court, we do not defer or consider errors in the district court's opinion. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1266 (11th Cir. 2015).

Substantial evidence is relevant evidence, less than a preponderance but greater than a scintilla, that "a reasonable person would accept as adequate to support a conclusion." *Viverette*, 13 F.4th at 1314 (quotation marks omitted). In reviewing for substantial evidence, we "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the ALJ." *Id.* (quotation marks and brackets omitted). The ALJ need not refer to every piece of evidence in his decision, so long as a reviewing court can conclude that the ALJ considered the claimant's medical condition as a whole. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if a preponderance of the evidence weighs against the Commissioner's decision, we will affirm so long as substantial evidence supports it. *Viverette*, 13 F.4th at 1314. We will not affirm merely because some rationale might support the ALJ's conclusion if he "fails to state with at least some measure of clarity the grounds for his decision." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quotation marks omitted). The ALJ has the obligation of developing a full and fair record, but the claimant bears the burden of demonstrating his disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Eligibility for SSI and DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if he cannot engage in substantial gainful activity because of a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for at least 12 months. *Id.* § 1382c(a)(3)(A).

The regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled, asking: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on an RFC assessment, whether the claimant can perform any of his past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(i)-(v). "[T]he severity of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (quotation marks omitted).

To determine whether a claimant is disabled, the ALJ considers medical opinions from acceptable medical sources, including physicians. 20 C.F.R. §§ 416.902(a)(1), 416.913(a)(2). A medical opinion is a statement from a medical source about what a claimant can do despite his impairments and whether he has an impairment related limitation. *Id.* § 416.913(a)(2). Although a claimant may provide a statement containing a physician's opinion of his remaining capabilities, the ALJ evaluates such a statement in light of the other evidence presented. *See* 20 C.F.R §§ 404.1527(d), 404.1545(a)(3). The ALJ "must state with particularity the weight given to different medical opinions and the reasons therefor."

*Winschel*, 631 F.3d at 1179.  An ALJ may not improperly substitute his judgment of the claimant's condition for that of the medical and vocational experts.  *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982).

For claims—like the instant claim—filed on or after March 27, 2017,[1] the ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative finding.  20 C.F.R. § 416.920c(a).  This regulation abrogated this Court's earlier precedents applying the treating physician rule.  *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022).  In cases applying the treating physician rule, we have held that to discount a treating physician's opinion, the ALJ must clearly articulate the reasons for doing so.  *Schink*, 935 at 1259.  To discount a treating physician's opinion because it is inconsistent with the doctor's own medical records, the ALJ must "identify a genuine inconsistency."  *Id.* at 1262-63 (quotation marks and brackets omitted).

Under the new regulations, the ALJ must determine the persuasiveness of medical opinions and prior administrative medical

---

[1] For claims filed before March 27, 2017, the SSA was required to give a treating physician's opinion more weight unless there was good cause to discount it.  *Harner*, 38 F.4th at 896; *see* 20 C.F.R. § 416.927.  A "treating source" is a physician or other medical source who has provided the claimant with medical treatment and has, or previously had, an ongoing treatment relationship with the claimant.  20 C.F.R. § 416.927(a)(2).

findings by considering supportability, consistency, treatment relationship—which includes length of the treating relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship—specialization, and other factors. *Id.* § 416.920c(c)(1)-(5). Supportability and consistency are the "most important" factors. *Id.* § 416.920c(b)(2). The ALJ is required to articulate how it considered the supportability and consistency factors, but not the remaining factors. *Id.* As to supportability, the more relevant the objective medical evidence and explanations are to the medical opinions, the more persuasive the opinion is. *Id.* § 416.920c(c)(1). As to consistency, the more consistent a medical opinion is with evidence from other sources, the more persuasive the opinion is. *Id.* § 416.920c(c)(2). Statements that a claimant is disabled are not valuable or persuasive. *Id.* § 416.920b(c)(3)(i).

In *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004), the ALJ's decision to give less weight to a treating physician's opinion was supported by substantial evidence where it conflicted with the physician's own treatment notes. The opinion at issue was "very restrictive," which was inconsistent with previous treatment notes that described the claimant's symptoms less severely. *Id.*

## I. Garcia's argument that the ALJ erroneously discounted Dr. Aponte's August 2020 opinions

The ALJ's finding that Dr. Aponte's August 2020 opinions were not persuasive was supported by substantial evidence. *Viverette*, 13 F.4th at 1314. The ALJ properly determined that several of

Dr. Aponte's assertions contained in her August 2020 opinion were inconsistent with her own treatment notes.  *See Phillips*, 357 F.3d at 1241.  For example, Dr. Aponte's August 2020 opinion asserted that Garcia had a "seriously limited, but not precluded" ability to maintain attention for two-hour segments; sustain an ordinary routine without special supervision; set realistic goals or make plans independently of others; interact appropriately with the general public; and adhere to basic standards of neatness and cleanliness.  She opined that Garcia was "unable to meet competitive standards" in his ability to maintain regular attendance and be punctual within customary, usually strict tolerances; work in coordination with or proximity to others without being unduly distracted; perform at a consistent pace without an unreasonable number and length of rest periods; deal with normal work stress; and deal with stress of semiskilled and skilled work.  She further opined that Garcia had "no useful ability" to complete a normal workday and workweek without interruptions from psychologically based symptoms.

However, her treatment notes—the rest of which the ALJ did not reject—reflect that Garcia was learning coping mechanisms such as cognitive restructuring in therapy and improving moodwise with medication.  Dr. Aponte's notes indicate that Garcia was experiencing sadness largely attributable to his pain as well as low energy and insomnia at times, but also improvement with changes in his prescribed medications and otherwise reflected that he often was feeling optimistic and sleeping and eating better.  Dr. Aponte, as well as Dr. Hernandez at Citrus Health, also consistently noted that Garcia was in good hygiene; was alert and awake; was calm,

cooperative, and oriented to person, place, and time; spoke coherently and at a normal rate and volume, was well-articulated, and maintained good eye contact; appeared to have a normal thought process and good judgment.   Moreover, the opinion of State agency reviewing physician, Dr. Wiener, indicates that Garcia had only "secondary psych issues that impose limits, though non-severe."   In rejecting the argument that his mental impairments constituted more than a minimal limitation on his ability to perform basic mental work, and thus in rejecting Dr. Aponte's August 2020 opinions, the ALJ also relied on Garcia's own reports of his activities and abilities, as discussed below.

Garcia appears to argue that this Court should reverse the lower court's decision merely because there is also evidence of record that supports his own assessment of the evidence.   However, even assuming *arguendo* that a preponderance of the evidence might support Garcia's interpretation, where substantial evidence also supports the Commissioner's decision below, as it does here, this Court will affirm. *Viverette*, 13 F.4th at 1314.   Accordingly, substantial evidence supports the ALJ's finding that Dr. Aponte's August 2020 opinion was not persuasive, as it was not supported by or consistent with her treatment notes nor the findings of other treating physicians and psychiatrists.

Additionally, the ALJ also articulated how he considered the supportability and consistency factors when giving his reasoning for finding Dr. Aponte's August 2020 opinion unpersuasive. *Winschel*, 631 F.3d at 1179; 20 C.F.R. § 416.920c(b)(2).   The ALJ found

that the record as a whole did not support the more severe portions of Dr. Aponte's opinion, and that those portions of her opinion were inconsistent with her own treatment notes from her appointments with Garcia as well as the notes of other Citrus Health physicians, not to mention that of the State reviewing physicians such as Dr. Wiener.  20 C.F.R. §§ 416.920c(c)(1)-(2), 416.920c(b)(2); *Phillips*, 357 F.3d at 1241.

Thus, substantial evidence supports the ALJ's determination that Dr. Aponte's August 2020 opinion was not persuasive because it was not supported by the record as a whole and because it was inconsistent with her treatment notes and other medical evidence contained in the record.

### I. Garcia's argument that the ALJ erred in failing to include mental impairment limitations in the RFC

As outlined above, an ALJ must conduct a five-step, sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry may end.  *Id*. § 416.920(a)(4).

At step three, the ALJ must determine whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments.  *Id*. § 416.920(a)(4)(iii).  The paragraph 'B' criteria used in evaluating mental disorders under the Listing of Impairments are "understanding, remembering, or applying information," "interacting with others," "concentration, persistence, or pace," and "adapting or managing oneself."  *Id*. § 416.920a(c)(3).  If

the ALJ rates the degrees of a claimant's limitation as "none" or "mild," he will consider that impairment to be nonsevere unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. *Id.* § 416.920a(d)(1).

Then, at step four of the sequential analysis, the ALJ must assess and determine a claimant's RFC by considering all relevant medical and other evidence. *Id.* § 416.920(a)(4)(iv); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is the most he can still do despite his limitations and is based on all the relevant evidence in the case record, including his medical history, medical reports, medical source statements, and descriptions of limitations from the claimant and others. 20 C.F.R. § 416.945. The ALJ must consider all record evidence regarding all the claimant's impairments, including those that are not severe. *Id.* § 416.945(a)(1)-(2). The ALJ must consider statements about what a claimant can do from medical sources and the claimant. *Id.* § 416.945(a)(3).

An ALJ's RFC assessment must include a narrative discussion describing how the evidence supports the ALJ's conclusion, citing specific medical facts and nonmedical evidence, discussing the claimant's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, and describing the maximum amount of each work-related activity the individual can perform based on the evidence available in the case. *See* S.S.R. 96-8p, 61 Fed. Reg. 34,478 (July 2, 1996). The RFC

assessment must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. *Id.*

In *Winschel*, the ALJ erred in failing to incorporate in his RFC assessment the claimant's nonsevere mental impairments that the ALJ determined at step two to cause a "moderate limitation" in maintaining concentration, persistence, and pace. *Winschel* v. *Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011).

Here, Garcia's argument is heavily dependent on his argument that Dr. Aponte's opinion was erroneously found not persuasive, which was discussed and rejected in the previous section. Thus, this argument is unavailing. Indeed, Dr. Aponte's August 2020 opinion is the only evidence of record tending to support Garcia's claim that his depression and anxiety qualified as severe mental impairments. Moreover, substantial additional evidence—in addition to the reasons the ALJ discounted Dr. Aponte's unsupported and more extreme opinions in her August 2020 mental medical source statement—supports the ALJ's determination that Garcia's mental impairments were nonsevere and his construction of an RFC which did not account for them. The ALJ considered statements about what Garcia could do both from his treating physicians and consultants as well as his own statements. 20 C.F.R. § 416.945(a)(3). In finding that Garcia's medically determinable mental impairments of depression and anxiety do not cause more than minimal limitation in his ability to perform basic mental work activities and are therefore nonsevere, the ALJ relied primarily on

Garcia's report of contact from May 2019 and Garcia's function report from January 2020, in which Garcia had stated:  that he is able to care for his own personal needs and hygiene with some limitations; that he does not need reminders to take care of his personal needs and grooming or to take his medications; that he is able to count change, pay bills and handle banks accounts;  that he does not have problems getting along with others or authority figures; and that he has a normal attention span.  Based on these statements, the ALJ rated Garcia's mental impairments mild.  The ALJ accordingly found that, because these impairments cause no more than mild limitations in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, they are nonsevere.  20 C.F.R. § 416.920a(d)(1).

While the ALJ was not required to continue his assessment of Garcia's mental impairments after that point, he did anyway to make absolutely clear that he did consider Garcia's mental condition in creating his RFC.  20 C.F.R. § 416.920(a)(4).  Contrary to Garcia's argument, the ALJ was not required to incorporate Garcia's mental impairments that he determined at step two in the rest of his RFC assessment because he found any impairments to be only mild, not moderate.  *Winschel*, 631 F.3d at 1181.  The ALJ expressly found: "The claimant's medically determinable mental impairments of depression and anxiety, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities."  ALJ decision at 4.    In formulating the RFC, the ALJ again detailed Garcia's

mental impairments.  He highlighted that Garcia was diagnosed with MDD and GAD at Citrus Health and that his mental status examinations were generally within normal limits.  He specifically cited to many of Dr. Aponte's own treatment notes of Garcia, noting their largely unremarkable nature.  He also noted Dr. Weiner's February 2020 opinion.  In doing such, the ALJ demonstrated that he considered all evidence of record regarding Garcia's impairments, including those which he ultimately found nonsevere.  20 C.F.R. § 416.945(a)(1)-(2).

Garcia's own hearing testimony also supports the ALJ's finding of only nonsevere mental impairments.  At his hearing, Garcia stated that he had been emotional since his injury, but that the medications he had been prescribed by his psychiatrist helped a little bit.  He explained that he had trouble multitasking and focusing on one task at a time.  When asked if he experienced any effects on his short-term memory, he responded "maybe."  The vast majority of the rest of his statements at the hearing pertained to his physical impairments, not any mental ones.  Thus, the evidence in the record supports the ALJ's finding that Garcia's mental impairments were nonsevere and did not cause more than minimal limitation in Garcia's ability to perform basic mental work.  The ALJ therefore did not err in failing to include a mental limitation when forming his RFC.

For the foregoing reasons, the decision of the district court is

**AFFIRMED.**